THE OHIO AND MISSISSIPPI RAILROAD COMPANY, Plaintiff in Error, *v.* WM. PALM *et al.*, Defendants in Error.

#### ERROR TO ST. CLAIR.

Where a party, on the trial of a suit upon a note, amends his declaration, by inserting that the note "is without defalcation payable and negotiable at," etc., it is such a material amendment as entitles the defendant to a continuance.

DEFENDANTS in error sued plaintiff in error in an action of debt. Declaration claims $1,943.62 debt, and $100 damages. Two counts on two sealed instruments of writing. Plea—*non est factum.* Motion and leave given by court to amend declaration upon the trial, by inserting in each count thereof " without defalcation, for value received, payable and negotiable at the Bank of the State of Missouri," upon the allowing of which amendment defendants applied for a continuance. Court denied it. Defendants below excepted. Court thereupon rendered judgment against defendants for the sum of $1,946.23 and costs.

THIS cause was heard before BREESE, Judge, at August term, 1855, of the St. Clair Circuit Court.

UNDERWOOD and QUICK, for Appellants,

G. KŒRNER, for Appellee.

SCATES, C. J. Upon the trial, to obviate an objection to reading the notes sued on in evidence, by reason of a variance, on leave the defendants amended by inserting in the declaration the further description of the notes, that is, " without defalcation, for value received, payable and negotiable at the Bank of the State of Missouri." Thereupon the plaintiff asked a continuance because of the materiality of the amendment. Its refusal is the ground of error assigned.

The amendment was a material alteration of the contract sued on. A tender at the bank on the day would be no answer to the contract as laid in the first instance, but would fully answer the contract as laid in the amended declaration. Thus was the party surprised on the trial by allowing notes to be read, of which the first notice was then given.

Where the place of payment is fixed in, and part of the contract, it must be so described; and an omission to do so would be a material variance. Chit. on Bills, 153, 154. Presentation for, and demand of payment, should be made at that place. Id. 565, 153, 154.

The party is entitled to a continuance when material amendments are made. *Hawks* v. *Lands*, 3 Gil. R. 230, 231; *Covell* v. *Marks*, 1 Scam. R. 205; *Ill. Mut. Fire Ins. Co.* v. *Marseilles Manufacturing Co.*, 1 Gil. R. 259; Rev. Stat. 1845, p. 416, Sec. 23.

Though this amendment might, at this stage of the case, be within the discretion of the court, yet in case of material amendments, the other party is entitled to a continuance.

Judgment reversed and cause remanded.

*Judgment reversed.*